**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Devonna Denise Murphy**, | ) |
| | )     **CASE NO. 1:18 CV 02602** |
| | ) |
| **Plaintiff,** | )     **JUDGE PATRICIA A. GAUGHAN** |
| | ) |
| Vs. | ) |
| | ) |
| | ) |
| **Commissioner of Social Security,** | )     **Memorandum of Opinion and Order** |
| | ) |
| **Defendant.** | ) |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke ("R&R")(Doc. 17) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed an objection. For the reasons that follow, the R&R is hereby ACCEPTED and the decision of the Commissioner is AFFIRMED.

## STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in

1

pertinent part:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion. Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge. Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in applying the treating physician rule. According to plaintiff, the ALJ failed to properly weigh the opinions of treating physicians Drs. Ridgel and Mathai.

Upon review, the Court finds that the ALJ correctly applied the treating physician rule with respect to the opinions of Drs. Ridgel and Mathai. As noted by the Magistrate Judge, the ALJ acknowledged that Drs. Ridgel and Mathai were treating sources, whose opinions were consistent with each other. However, the ALJ declined to afford these opinions controlling weight. The ALJ instead assigned these opinions little weight because they were not "consistent with the medical evidence of record, which supports generally mild findings." Prior to the weighing of these opinions, the ALJ provided a detailed discussion of the record that highlighted the evidence that showed that plaintiff's impairments were not as severe as opined by Drs. Ridgel and Mathai. Indeed, the ALJ noted that plaintiff often had normal physical examinations, with a normal gait, no joint swelling, and a full range of motion in her extremities. It is clear from this discussion which mild findings the ALJ was referring to when assigning these opinions

little weight. *See Hernandez v. Comm'r of Soc. Sec.*, 644 Fed. App'x 468, 474 (6th Cir. 2016) ("Although the ALJ did not specifically identify the previously discussed objective medical evidence, it is clear which evidence he was referring to and thus strict compliance with the regulations is not necessary in this instance").

Plaintiff insists that the ALJ's reliance on "mild findings" is not a good reason for discounting these opinions. Plaintiff seems to suggest that because fibromyalgia often has no significant objective findings, the ALJ should have disregarded all of the normal examinations in the treatment notes. However, the ALJ has an obligation to consider the record as a whole, not simply the evidence that plaintiff believes supports a finding of disability. Moreover, in addition to the normal physical examinations, the ALJ acknowledged plaintiff's reports of pain and fatigue and contrasted them with her broad range of daily activities. Reading the decision as a whole, the Court cannot conclude that the ALJ's reliance upon mild findings to discount the opinions of Drs. Ridgel and Mathai was in error. *See Hernandez*, 644 Fed. App'x at 474 (finding an ALJ sufficiently addressed a treating source opinion when simply stating it was not supported by the objective medical evidence of record, where the ALJ had previously discussed the objective medical evidence, as well as the claimant's activities of daily living).

Plaintiff also objects on the grounds that the ALJ "did not consider all of the required regulatory factors for evaluating treating doctor opinions." However, an ALJ is not required to articulate specific findings as to each of the relevant regulatory factors. Indeed, neither the regulations or Sixth Circuit case law requires an "exhaustive factor-by factor analysis." *Francis v. Comm'r Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. 2011). Moreover, the ALJ specifically noted the treating source status of Drs. Ridgel and Mathai and the inconsistency of these

3

opinions with the treatment notes, two of the factors listed at 20 CFR § 416.927(c).

Finally, plaintiff argues that "the ALJ did not articulate any reason for discounting the doctors' opinions on the specific issue of absence." Plaintiff provides no support for the idea that in order for the ALJ to satisfy the "good reasons" requirement, the ALJ must specifically address each and every aspect of a treating physician's opinion. The standard is not so rigid. Instead, an ALJ must provide reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). Here, the ALJ's decision provides a sufficient basis for the rejection of these opinions and affords this Court the opportunity for meaningful review. The ALJ's choice to not address every detail of each opinion is not an error warranting remand. Accordingly, plaintiff's objection is not well-taken.

## **CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's objection without merit, hereby accepts the Magistrate Judge's Report and Recommendation. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated herein by reference.

IT IS SO ORDERED.

                               /s/ Patricia A. Gaughan
                               PATRICIA A. GAUGHAN
                               United States District Judge
Dated: 12/2/19                 Chief Judge